### ABBOTT & A. *v.* STRAFFORD.

In an action by three plaintiffs against the defendants,—*held,* that the court, upon the trial before the jury, properly excluded evidence offered by the defendants to the effect that a prior suit for the same cause of action had been brought by only two of the present plaintiffs, which was abandoned before the commencement of the present.

A., W., and F. brought an action against the town of S., to recover a reward offered by the town for the arrest and conviction of certain robbers. The defendants, contending that two other parties should have been joined as plaintiffs in this suit, offered to show that two of the present plaintiffs, before bringing this suit, in a conversation with the witness, said that they had offered to let one of said other parties have a portion of the reward, and that it would be ten dollars in the pocket of the witness if he would influence the selectmen to pay the reward to them. *Held,* that the evidence was properly excluded.

Where three parties are entitled to recover of a town, after demand, a reward for the arrest of criminals, such demand may be made by one of them, and need not be made expressly in behalf of each of the parties engaged in the joint undertaking which entitled them to the reward.

A demand for such reward made upon one of the selectmen is sufficient.

Assumpsit, by Joseph S. Abbott, Wm. S. Warren, and Mark K. Foss, against the town of Strafford, to recover $200 reward offered by the selectmen of Strafford for the arrest and conviction of two persons who had committed a highway robbery in that town, April 19, 1867.

No question was made but that the condition upon which the reward was to be paid had been performed; the defence was, that two other persons,—Warren Foye and Charles C. Hanson,—were entitled to a share of the reward, and ought to have been joined as plaintiffs in the suit.

It appears that a day or two after the robbery, Hanson and Foye, together with the plaintiff, Foss, and several other persons from Strafford, went to the police station in Dover, having with them the paper offering the reward, and there met the plaintiffs, Abbott and Warren, who were police officers of Dover. The result of this interview was, that the three plaintiffs started in pursuit of the robbers early on the morning of April 22, and the same day arrested them in Northwood; and they were afterwards convicted of the crime and sentenced to the State prison. Foye and Hanson were not present when the arrest was made, and did not aid or assist in the act of apprehending the culprits. Against the plaintiffs' objection, the court admitted evidence tending to show that Foye and Hanson communicated to the officers at the police station information which led to the arrest; and the principal question of fact submitted to the jury was whether they did so.

The only evidence of a demand upon the town before the commence-

ment of this suit was the testimony of Abbott, who said that soon after the robbers were sentenced, he and the other officer, Warren, called on one of the selectmen, Paul Perkins, and requested him to pay over the reward to them ; that he refused to pay it.   " He said there were other parties who claimed the reward, and he should n't pay it."   On cross-examination, the same witness said that Perkins mentioned Hanson and a man by the name of Avery, and might have mentioned Foye, as persons who claimed a part of the reward.   The defendants offered to show that the plaintiffs, Abbott and Warren, soon after this demand, commenced a suit for the reward, in which Foss was not joined.   The evidence was excluded ; and the defendants excepted.

It appeared that at the time Abbott and Warren went to Strafford to demand the reward of the selectmen, they called on one Stephen Leighton.   The defendants offered to prove by said Leighton the following statements, contained in his affidavit which was presented to the court :   " In the summer or fall of 1867, Joseph S. Abbott and William Warren came to my house, and wanted me to use my influence with the selectmen of Strafford to pay the reward offered for the Caleb Hanson robbers.   I told them that from what I knew of the case I thought that Charles C. Hanson, Warren Foye, and Mark K. Foss were as much interested in the matter as they were, and ought to share the reward with them.   Abbott said they had offered to let Charles Hanson have $50 and Mark K. Foss $10 of the reward, and they did not care a d—n about Foye.   He said it would be ten dollars in my pocket if I would influence them to pay the reward to them.   I told them I was willing to try to have $50 apiece paid to each of the five, but that I did not think anything else would be fair."   This evidence was excluded ; and the defendants excepted.

At the close of the charge to the jury, the defendants' counsel made the following written requests for instructions :

1. A demand must be made of the town before the action can be sustained.

2. The demand must be made of more than one of the selectmen.

3. The demand must be made in behalf of all these plaintiffs.

The first request was given, and the last two refused ; and the defendants excepted.

Verdict for the plaintiffs ; questions reserved.

*Wheeler* (with whom was *Peavey*), for the defendants.

" Wherever the fact upon which the liability of a party arises lies peculiarly within the knowledge and privity of the plaintiff, notice thereof must be alleged in the pleading to have been given to the defendant."   *Watson* v. *Walker*, 23 N. H. 471 ; *Dix* v. *Flanders*, 1 N. H. 247 ; *Fitts* v. *Hoitt*, 17 N. H. 530 ; *County of Hillsborough* v. *Londonderry*, 43 N. H. 451.

In *Fitts* v. *Hoitt*, the head note is,—" Where the event, by which a party is to become entitled to a sum of money, consists of an act to be

performed by himself, not requiring the concurrence or knowledge of the other party, a suit will not lie till notice."

In this case the town offered the reward to whomsoever should comply with certain conditions,—should do certain things stipulated. The act which would entitle any one to claim the money so offered was to be performed by that party himself, and did not in its performance require the concurrence or knowledge of the other party. It might be done by any one or more of a hundred thousand or more persons, without the knowledge or concurrence of the defendants; and without notice the defendants could never know, or might never know, who of the one hundred thousand or more was entitled to claim the money. The court then rightfully instructed the jury that a demand must be made.

If a demand must be made, it must be made upon the town, upon the party liable in the action to be brought. In general, selectmen cannot, *ex officio*, adjust controversies or suits of the town. *Underhill* v. *Gibson*, 2 N. H. 352.

In this case they are by the statute authorized to offer and *to pay* a reward. But these acts must be done by the selectmen, by the *board;* and this implies a majority of the board. *One* has not authority to offer the reward, neither has *one* authority to pay the reward ; and we submit that notice to or demand upon one of the selectmen is not sufficient.

The demand, too, must be made by the person entitled to receive the reward. A demand made by A will not suffice for B, nor will a demand made by A and B suffice for A, B, and C. A demand made by Abbott and Warren, for and on their own account, is no demand for Abbott, Warren, and Foss. The action, then, was prematurely brought.

The case shows that Abbott was a witness on the trial of this action ; and the fact is, both Abbott and Warren were witnesses and the principal witnesses to all the main facts in the case,—and the credibility of their testimony comes to be very material ; for, as the jury believed or disbelieved them, so must their verdict be.

The defence to this action was, that other parties should have been joined, not as a matter of law but as a matter of fact. Such was the issue of fact submitted to the jury. The plaintiffs' evidence was such as to show that the three plaintiffs alone were entitled to recover ; the defendants', to show that others joined in the undertaking were entitled to share and should be joined. The testimony offered by the defendants, that Abbott and Warren had previously commenced an action for this same reward, was competent and material as affecting their credibility, the inference being that they understood the facts at one time to be such as to entitle them to sue alone, and subsequently such as to compel them to join Foss. This is the most favorable construction. Another view of the matter is, that when they brought the other action they intended to exclude Foss, as the town say they have since excluded Hanson and Foye, and that they would have sworn to such facts as were necessary to sustain that action, but were obliged to yield to the

overpowering testimony which Foss would bring, he having gone with them when the arrest was made. To the same effect is the testimony of Abbott's and Warren's interview with Leighton. They said they had offered Hanson $50, his one fifth share — exactly as the town and Hanson now claimed it should be—and Foss, one of the present plaintiffs, only $10; and Foye they didn't care a d——n for. Why offer Hanson $50, his one fifth, if he was not entitled, in their view of the case, to share ? Then, to get the money into their own hands and shut out all these parties, they go to the witness to solicit and buy his influence, and offer the sum of $10. This is a view that may properly and legitimately be taken—proper for argument, proper for the consideration of the jury, and should have received more or less weight as the jury thought it entitled.

. *J. G. Hall,* with whom was *Worcester,* for the plaintiffs.

No question was made by the defendants upon the trial but that the service for which the reward was offered had been performed ; but the defendants say that Foye and Hanson should be joined with the three plaintiffs on the record, not because they aided in the acts of arresting, securing, or convicting, but simply on the ground that they " communicated information to the plaintiffs which led to the arrest ;" and the principal question of fact tried by the jury was, *Did* Foye and Hanson communicate such information ? The verdict found that they did not. The defendants' ground of defence upon the facts being lost by the verdict, they seek to avoid their just liability, and further withhold from the plaintiffs their earnings by resorting to technical questions relative to demand. The ruling of the court, that it was necessary for the plaintiffs to prove a demand before action brought, was not sufficiently favorable to the plaintiffs. The most that the defendants could require was, that they should have their attention so called to the fact of service performed, and the parties performing it, that they could, in the exercise of reasonable diligence, ascertain whether the reward had been earned, and, if so, by whom.

The law bearing on the question of notice is to be found in *Hicks* v. *Burns,* 38 N. H. 151, and is as follows : " When the act, or the state of facts upon which the liability of the defendant is to arise, is uncertain in its character, and peculiarly within the knowledge of the plaintiff, so that the defendant cannot learn the facts by the exercise of reasonable diligence, he must have notice before suit ; and perhaps it is not practicable to lay down any more precise and particular rule that will be found consistent with all the authorities."

The case shows that the defendants, when called on by two of the plaintiffs, not only knew that the reward had been earned, but also the names of divers claimants for it, and refused to pay it. The refusal was not put on the ground that the defendants were uncertain to whom it should be paid, but on the ground that Foye and Hanson should have a share of it. Foss, one of the plaintiffs, not present when the

demand was made, has always lived in the town of Strafford, was at the police station in Dover during the whole interview referred to in the case, went with the other plaintiffs, Abbott and Warren, and they three alone made the arrest and secured the culprits. From all these facts we submit, it appears that all the notice necessary before suit brought was given. How can it be said that the defendants' attention was not so brought to the matter that they could, by the exercise of reasonable diligence, have determined to whom the reward should be paid ? The plaintiffs were not bound to make satisfactory proof to the selectmen of Strafford that they had earned the reward. Municipal corporations are not, any more than individuals, judges of what, and to whom, they should pay. *Janvrin* v. *Exeter,* 48 N. H. 85.

If the board of selectmen were made the tribunal to determine to whom money should be paid, how much to all, and how much to each person entitled, in cases like this, then, doubtless, as the defendants claim, the claim should be presented to the selectmen as a board of officers ; but the law is clearly otherwise. See *Janvrin* v. *Exeter,* 48 N. H. 85, 86. After the offer made and service performed, there was a debt of $200 due from the town to the plaintiffs, just the same as if the plaintiffs had held a note of the town signed by the selectmen ; and there was no more occasion in the one case than in the other to call the attention of more than one of the town's agents to the fact that payment of the debt was required.

But if there was any defect in the form of the plaintiffs' notice, the reply made by the selectman, Perkins, to the plaintiffs, Abbott and Warren, operated as a waiver of notice. His reply shows that he would not pay over the money at all. This rendered it unnecessary to make any further demand for the money, and precludes the defendants from objecting to the sufficiency of the demand that was made. It operates as a waiver of the right to require a demand. *Perley* v. *Boston, Concord & Montreal Railroad,* Belknap county, decided at March adjourned term, 1871, and not reported. *Barker* v. *Barker,* 16 N. H. 337 ; *Pattee* v. *Gilmore,* 18 N. H. 463 ; *Clough* v. *Ray,* 20 N. H. 560, 561.

It is manifest that all the demands that might have been made by these plaintiffs would have been fruitless. The town authorities were determined that Foye and Hanson, two persons whom the jury by verdict have found were making pretences false in fact—and baseless in law, as we claim, had they been true—should share the money with the meritorious parties. *Haynes* v. *Brown,* 36 N. H. 564, 565.

Evidence of the fact that a former suit had been commenced by two of these plaintiffs was rightly rejected. It merely shows that they were not for the time being fully apprised of their legal rights. The fact that a plaintiff, in bringing his suit, either through misapprehension of his counsel or otherwise, falls into an error as to the law bearing on his rights, should not prejudice him before a jury upon trial of the facts in the case.

As regards the statements contained in Stephen Leighton's affidavit— supposing Abbott ever made them, which we deny—the affidavit shows

them to have been made, not as a statement of his legal claim against the defendants, but as merely a statement of the compromise of those rights which he would be willing to make, rather than have a law-suit with the town to recover his just dues. He made known to Leighton the terms on which he would settle, because he was desiring Leighton to aid him in making the settlement. They were simply the terms Abbott was willing Leighton, as his attorney, should propose to the town by way of compromise.

But the court were in error in allowing testimony to be put in upon the question whether Foye and Hanson gave information which led to the arrest, the defendants admitting that the giving of the information was the whole connection of Foye and Hanson with the matter. Those persons alone who perform the acts of apprehending and securing are entitled to the reward in cases like this. *Austin* v. *Supervisors of Milwaukee Co.*, 24 Wis. 278, cited in American Law Review for April, 1871, page 502.

If this view be correct, then the whole of the rejected evidence becomes immaterial, because the claim of the defendants in behalf of Foye and Hanson being limited to the giving of information, the only possible design and effect of the rejected evidence must be supposed to be somehow to show that information was given as claimed.

FOSTER, J.   I. It becomes immaterial to consider the plaintiffs' exception to the admission of evidence tending to show that Foye and Hanson communicated information which led to the arrest of the robbers, since it is conceded by the plaintiffs in their argument that the jury found, by their verdict, that such information was not communicated, and the general verdict was in favor of the parties taking the exception.

II. The second exception in the case is taken by the defendants, to the exclusion of their offer to show that soon after the demand made by Abbott and Warren upon the selectman, Perkins, the said Abbott and Warren brought a suit against the defendants, in which Foss was not joined as a plaintiff.

And the defendants contend that from this fact the jury would be warranted in discrediting the plaintiffs, Abbott and Warren, and rejecting their evidence altogether,—their testimony being material and essential to the support of the action.   The effect of the evidence, if admitted, however, would be to show, not that Foye and Hanson should have been joined (which was the main ground upon which the defence was based), but to show, so far as it might have any effect, that the defence set up was not warranted by the facts.

But we are disposed to regard it as wholly irrelevant to the issue presented to the jury.   It is true, indeed, as matter of law, that all those who jointly performed the service for which the reward was offered should join in the suit—*Janvrin* v. *Exeter* 48 N. H. 86—and that, if Foss was jointly engaged with Abbott and Warren in the service performed, the former suit could not have been maintained.

If the former suit was thus commenced under a misapprehension of the law, the commencement of such suit and its abandonment could surely be no bar to the maintenance of a subsequent suit by proper parties ; and there can be no inference of law, nor presumption of fact, that Abbott and Warren would have attempted to sustain the former or the present suit by perjury; nor can their conduct, in bringing a suit in which another party, entitled in fact to be joined with them, was not joined, be submitted to the jury as an indication that the parties are disreputable.

III. The third exception is to the exclusion of Leighton's testimony. This was irrelevant and immaterial, and its rejection furnishes no ground for exception. It was merely a statement of Abbott as to the terms upon which he would be willing to effect a compromise with Hanson, Foss, and Foye, concerning their uncertain claims and unascertained rights to share in the reward. But if the evidence was offered by the defendants for the purpose of showing an admission by Abbott, one of the plaintiffs, that certain parties were entitled to share in the reward because they gave information which led to the arrest, the evidence is made immaterial, and was properly rejected on other grounds, viz., that those parties alone are entitled to the reward who actively assist by their manual efforts (or, at least, by such aid and comfort as would make them principals in the commission of a crime) in apprehending and securing the robbers.

The statute authorizes selectmen to pay a reward to any person who shall " apprehend and secure " a person charged with the commission of any capital or other high crime. Comp. Stat., ch. 236.

In Wisconsin, a reward was offered "for the arrest and conviction " of murderers. The plaintiff, in an action to recover the reward, communicated information to the police, which led to the arrest and conviction of the murderers. But it was held that he was not entitled to the reward. *Austin* v. *Supervisors of Milwaukee Co.*, 24 Wis. 278;—see, also, *Janvrin* v. *Exeter*, before cited.

In accordance with this decision would seem to be the most practicable rule,—namely, that those only who actually made the arrest are entitled to recover the reward offered by the town; leaving all parties, who are more or less remotely engaged in the business, to divide the spoils by arrangement among themselves.

It would be quite impracticable for the selectmen to inquire into and determine concerning the information, and its effect, which led to the final act of arrest, and to apportion and divide the reward accordingly.

IV. The remaining exceptions of the defendants are to the ruling of the court below : 1st, that a demand upon one of the selectmen was sufficient ; and, 2d, that the demand in this case need not be made by or on behalf of all the parties entitled to the reward.

The object of a demand is merely to give the defendants sufficient notice of their liability to pay. The statute creates and imposes the liability. And where the matter lies as much within the cognizance of the one party as the other, notice is not necessary. *Watson* v.

*Walker*, 23 N. H. 494. But where the act, or the state of facts upon which the liability is to arise, is uncertain in its character, and peculiarly within the knowledge of the plaintiff, so that the defendants cannot learn the facts by the exercise of reasonable diligence, they must have notice before suit. *Hicks* v. *Burns*, 38 N. H. 151. It may well be questioned whether in this case any demand was necessary ; see *Dix* v. *Flanders*, 1 N. H. 246 ; *Watson* .v. *Walker*, 23 N. H. 491 ; *Bush* v. *Critchfield*, 4 Ohio 103 ;—but upon this point the instruction that a demand should be shown, was sufficiently favorable to the defendants, and in compliance with their request.

The liability or debt incurred in this case was the liability or debt of the town ; not of the selectmen individually, who are simply the agents of the town for the purpose of offering the reward and paying it " from the treasury." It was only necessary that the town, through a proper agent, should have notice of the claim. *Bowman* v. *Wathen*, 2 McL. 376. And we think that, for this purpose, any one of the selectmen may be regarded as the agent of the town. The selectmen were not required as a board, *ex officio*, to determine to whom and how much money should be paid to each or any person claiming the reward. Municipal corporations, or the officers of such, cannot be their own judges of what and to whom they should pay. *Janvrin* v. *Exeter*, before cited.

And if the whole object of the demand was satisfied by notice, putting the town upon the exercise of reasonable diligence as to the inquiry concerning the parties entitled to the reward which somebody had earned, an inquiry beyond the jurisdiction of the selectmen to determine judicially, it was clearly unnecessary that the demand should be made by each, or expressly in behalf of each, of the parties engaged in the joint undertaking which entitled them to the reward.

But if there were any informality in the demand, the notice furnished thereby was waived by the defendants.

They declined to pay, not because the demand was not made upon more than one of the selectmen, nor because the demand was not made in behalf of all the plaintiffs, but expressly on the ground that " there were other parties who claimed the reward,"—Perkins, the selectman, designating Hanson, one Avery, and perhaps Foye. *Barker* v. *Barker*, 16 N. H. 337 ; *Pattee* v. *Gilmore*, 18 N. H. 463 ; *Clough* v. *Ray*, 20 N. H. 560 ; *Perley* v. *B. C. & M. R. R.*, Belknap December term, 1870.

Upon the whole, we are of the opinion that all the rulings in this case were sufficiently favorable to the defendants, and there must be

*Judgment on the verdict.*